# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRENCE CHEATHAM, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-21-339-F |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Alejandro Mayorkas, Secretary of the United States Department of Homeland Security (Mayorkas), has moved for dismissal under Rule 12(b)(6), Fed. R. Civ. P., or in the alternative, for summary judgment under Rule 56, Fed. R. Civ. P. Doc. no. 12. Plaintiff Terrence Cheatham (Cheatham) has responded, opposing the requested relief. Doc. nos. 18 and 19. Mayorkas has replied. Doc. nos. 20 and 21. The matter is at issue.

I.

Cheatham, an African-American and homosexual male, was formerly employed by the Transportation Security Administration (TSA) as a Transportation Security Officer (TSO) at Oklahoma City's Will Rogers World Airport. TSA is a component of the United States Department of Homeland Security. Cheatham brings this action alleging race and sex discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Cheatham claims disparate treatment by his employer in discipline, overtime requirements and access to leave benefits. He also alleges he was subjected to a hostile work environment.

Mayorkas seeks dismissal of Cheatham's claims under Rule 12(b)(6), or alternatively, entry of summary judgment in its favor under Rule 56 on several grounds. These grounds include: (1) Cheatham did not properly exhaust his administrative remedies as to the four alleged disparate treatment incidents preceding his termination; (2) Cheatham suffered no adverse employment action in connection with those incidents; (3) Cheatham did not exhaust his administrative remedies with respect to the hostile work environment claim; (4) Cheatham has not pled facts sufficient to establish that the four alleged disparate treatment incidents were part of the same alleged hostile work environment; (5) Cheatham has not pled facts sufficient to establish severe and pervasive harassment; and (6) Cheatham has not identified proper comparators sufficient to state a claim for discriminatory removal.

II.

In adjudicating a Rule 12(b)(6) motion, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to [the plaintiff]." S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require a plaintiff establish a prima facie case in her complaint, the elements of each claim

may help to determine whether the plaintiff has set forth a plausible claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Rule 56(a), Fed. R. Civ. P.  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Id.

"Under Rule 56(d), a party opposing a motion for summary judgment may seek additional time for discovery."  Hamric v. Wilderness Expeditions, Inc., 6 F.4th 1108, 1119 (10th Cir. 2021).  "To do so, a party must 'submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."  Id. (quoting Cerveny v. Aventis, Inc., 855 F.3d 1091, 1110 (10th Cir. 2017).  "'[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986)).

### III.

Initially, the court concludes that Mayorkas is entitled to dismissal under Rule 12(b)(6) of the hostile work environment claim.  Cheatham, in briefing, has not responded to Mayorkas's arguments with respect to that claim.  Instead, he states he "voluntarily dismisses and/or withdraws" the claim.  Doc. no. 19, n. 1.  Mayorkas's Rule 12(b)(6) motion as to the hostile work environment claim will be granted, and Cheatham's hostile work environment claim will be dismissed without prejudice.

IV.

Next, the court concludes that Mayorkas is entitled to dismissal under Rule 12(b)(6) of the race and sex discrimination claims to the extent they are based upon the four alleged disparate treatment incidents preceding Cheatham's termination.[1] In his papers, Mayorkas challenges the claims, in part, because none of the four incidents resulted in an adverse employment action. To state a prima facie case of race discrimination or sex discrimination, a plaintiff must allege (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *See*, E.E.O.C. v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). Cheatham, in his papers, fails to address this issue. Pursuant to LCvR 7.1(g), the court finds the Rule 12(b)(6) motion confessed with respect to that issue. Upon review of the unopposed motion, the court agrees that dismissal is appropriate. "Conduct rises to the level of 'adverse employment action' when it 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Stinnett v. Safeway, Inc., 337 F.3d 1213, 1217 (10th Cir. 2003) (quoting Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998)). An adverse employment action also includes those acts that carry a "'significant risk of humiliation, damage to reputation, and a concomitant harm to *future employment prospects*.'" Hillig v. Rumsfeld, 381 F.3d 1028, 1032 (10th Cir. 2004) (quoting Berry v. Stevinson Chevrolet, 74 F.3d 980, 986 (10th Cir. 1996))

---

[1] The four events are: (1) in June 2018, in the dining area of the workplace, a supervisor stated to Cheatham that he was the "'gayest officer in TSA[;]'" (2) on June 5, 2018, Cheatham was denied the requested days of bereavement leave for a deceased newborn nephew; (3) on June 9, 2018, Cheatham was questioned by his supervisor when he submitted a second request for bereavement leave; and (4) on December 13, 2018, Cheatham was mandated to work overtime on his day off, after he had worked 12 days straight with no time to rest. Doc. no. 1, ¶¶ 13, 14, 15, and 16.

(emphasis in original). In his pleading, Cheatham fails to allege sufficient facts to demonstrate that any of the four alleged disparate treatment events resulted in adverse employment actions. Therefore, Mayorkas's Rule 12(b)(6) motion as to the race and sex discrimination claims, to the extent they are based upon the four alleged disparate treatment incidents preceding Cheatham's termination, will be granted. The race and sex discrimination claims, to the extent they are based on the four alleged disparate treatment incidents preceding Cheatham's termination, will be dismissed with prejudice.[2]

V.

As to the race and sex discrimination claims based upon Cheatham's termination, the court concludes that dismissal under Rule 12(b)(6) is not appropriate. Mayorkas challenges the claims because plaintiff has not identified proper comparators. The court disagrees. As stated, to establish a prima facie case of race and sex discrimination, a plaintiff must allege that the challenged action took place under circumstances giving rise to an inference of discrimination. E.E.O.C., 487 F.3d at 800. Cheatham specifically relies upon allegations that his employer treated him differently from other employees that were similarly situated. Hysten v. Burlington Northern and Santa Fe Ry Co., 296 F.3d 1177, 1182 (10th Cir. 2002) ("A plaintiff wishing to prove discriminatory animus with evidence that his employer treated him differently from other employees bears the burden of showing that the comparison is legally relevant—i.e., that the employees were similarly situated."). Viewing the factual allegations and drawing reasonable inferences therefrom in a light most favorable to Cheatham, the court concludes that Cheatham alleges facts–taken as true for present purposes–sufficient to establish that he was treated

---

[2] In light of the court's ruling, the court need not address Mayorkas's failure to exhaust administrative remedies argument.

differently from other employees who were similarly situated to him. Thus, Cheatham sufficiently alleges that his termination took place under circumstances giving rise to an inference of discrimination. Mayorkas's Rule 12(b)(6) motion as to the race and sex discrimination claims, to the extent they are based on Cheatham's termination, will be denied.

VI.

In the alternative to dismissal under Rule 12(b)(6), Mayorkas moves for entry of summary judgment in his favor on the race and sex discrimination claims to the extent they are based on Cheatham's termination. Mayorkas argues that none of the employees identified Cheatham's complaint that allegedly were treated differently than Cheatham are valid comparators. Specifically, Mayorkas argues that the employees were not similarly situated.

Cheatham, in response, argues that his claims should not be dismissed until he has had an opportunity to discover information essential to his opposition of Mayorkas's motion. He submits an affidavit of his counsel setting forth the specific reasons he cannot present facts essential to justify his opposition to summary judgment. He also provides an affidavit, himself, disputing the factual assertions by Mayorkas. Cheatham requests the court to allow discovery relevant to his claims before addressing them on summary judgment.

Mayorkas replies that the court should granted summary judgment because Cheatham, in briefing, did not respond or contest the facts which Mayorkas contends are not in dispute as required by LCvR 56.1 (c). He also asserts that Cheatham offers no proof that the employees he claims are similarly situated are valid comparators. Further, Mayorkas contends that Cheatham fails to state sufficient grounds for relief under Rule 56(d).

Upon review, Mayorkas's alternative motion for summary judgment will be denied without prejudice to refiling. The court is mindful that relief under Rule

56(d) is not automatic. Hamric, 6 F.4th at 1119. The court is also mindful, however, that requests for further discovery should ordinarily be treated liberally. *Id*. Contrary to Mayorkas's arguments, the court opines that counsel's affidavit is sufficient to warrant further discovery before Cheatham is required to respond to a summary judgment motion. The court is persuaded that Cheatham has not had the opportunity to discover the information essential to his opposition. Further, the court declines to grant summary judgment in favor of Mayorkas because Cheatham failed to comply with LCvR 56.1(c) and did not offer proof that the subject employees are valid comparators.

VII.

For the reasons stated, Defendant's Motion to Dismiss for Failure to State a Claim (doc. no. 12) is **GRANTED in part** and **DENIED in part**. The alternative Motion for Summary Judgment (doc. no. 12) is **DENIED**.

The Title VII hostile work environment claim is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P. The Title VII race and sex discrimination claims to the extent they are based on the four alleged disparate treatment incidents preceding plaintiff's termination are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.

The Title VII race and sex discrimination claims, to the extent they are based on plaintiff's termination, remain pending.

IT IS SO ORDERED this 16th day of December, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0339p004.docx