# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRENCE CHEATHAM, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-21-0339-F |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the court is Plaintiff's Sealed Motion to Compel Discovery, doc. no. 52. Defendant has responded and plaintiff has replied. The motion is ripe for determination.

The motion will be granted in part and denied in part. It is **GRANTED** to the extent set forth below. It is otherwise **DENIED**. To the extent that the motion is denied (as to items other than the requests for the "entire employee file" of four individuals), it is denied predominantly on the basis of considerations of relevance (in the Rule 26 discovery sense) and proportionality. Also in the mix is the fact that plaintiff has already had the benefit of substantial discovery (at the administrative stage and in this court).

As to any documents or information produced pursuant to this order which defendant regards as confidential or otherwise protected by applicable law, the parties shall collaborate on the form of an agreed protective order. If no agreement is reached, the parties shall, not later than July 19, 2022, submit (to the orders inbox

of the undersigned) their respective proposed forms of protective order. (As will be seen, the court addresses separately the possibility that emails to be produced pursuant to Request No. 4 may contain information that is sensitive from the standpoint of airport or aviation security.) Defendant shall produce the documents and information compelled by this order not later than ten days after the date of filing of a protective order.

The discovery requests at issue include requests for "the entire employee file" of four named individuals. The court declines to undertake the task of redrafting those requests. They are, as propounded (and as plaintiff seeks to enforce them), egregiously overbroad. The undersigned has, on occasion, undertaken to prune overbroad discovery requests. The court is under no obligation to do so. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648-49 (10th Cir. 2008). The court declines to do so in this instance because the requests evince no semblance of application of professional judgment–which the court has every right to expect–as to what is and is not discoverable in these highly sensitive files. Drafting a request that is at least arguably within the outer bounds of discovery permitted by Rule 26 is the job of counsel, not the court. "Counsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." Punt v. Kelly Servs., 862 F.3d 1040, 1047 (10th Cir. 2017). Drafting and seeking to enforce egregiously overbroad requests cuts directly against the court's reasonable expectation that competent counsel, applying professional judgment in good faith, can usually avoid (or if necessary resolve) discovery disputes without court intervention.[1]

---

[1] In light of this determination as to "employee files," the court need not, and does not, address the relevance and other arguments advanced by defendant. Doc. no. 56, at 17-20.

<u>Interrogatory No. 8</u>.  Defendant shall respond to this interrogatory by listing all such charges filed with defendant's EEO office or the EEOC within three years before or one year after the last day of plaintiff's employment by TSA.  The listing shall state the date of filing, the type(s) of discrimination asserted (*e.g.*, race, hostile work environment, sexual orientation) and the name(s) of the person(s) accused of taking or directly participating in the discriminatory conduct.  The listing need not state the name of the complaining party.

<u>Request for Production No. 4</u>.  The defendant shall produce emails from Mr. Graffigna, referring to plaintiff, sent within two years before the last day of plaintiff's employment by TSA.  Information that, if received by an unauthorized person, could be used in an attempt to evade or compromise airport or aviation security precautions or operations, may be redacted.

IT IS SO ORDERED this 5th day of July, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0339p014.docx

3